UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITIGROUP MORTGAGE LOAN TRUST INC. ASSEST-BACSKED PASS-THROUGH CERTIFICATES, SERIES 2007-AMC2, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE<br><br>    Plaintiff,<br><br>v.<br><br>JOHN BARRY, JR.; MRS. JOHN BARRY JR., WIFE; MARIE A. BERRY; JOHN WESLEY BARRY; PROSPERITY UNITED TRUST; UNITED STATES OF AMERICA; OCEAN MEDICAL CENTER; AMERICAN EXPRESS NATIONAL BANK and STATE OF NEW JERSEY<br><br>    Defendant. | Civil Action No.:1:20-CV-00699-RBK<br><br>Civil Action<br><br>**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND** |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

PROCEDURAL HISTORY.........................................................................................................1

ARGUMENT

POINT I
DEFENDANT BARRY'S NOTICE OF REMOVAL SHOULD BE REMANDED DUE TO HIS FAILURE TO COMPLY WITH STATUTORY REQUIREMENTS AND THE LACK OF DIVERSITY JURISDICTION ..........................................................................................................2

    A.    The Failure to Adhere to the Statutory Requirements for Removal Requires Remand............................................................................2

    B.    The Lack of Diversity Jurisdiction Requires Remand ....................................3

POINT II
THE FORECLOSURE MATTER SHOULD BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION..................................................................4

CONCLUSION............................................................................................................................4

# TABLE OF AUTHORITIES

**Cases**

Brown v. Francis,
75 F. 3d 860 (3d Cir. 1996)..................................................................................................3

Jones v. Parker,
  107 N.J. Super. 235 (App. Div. 1969) ...............................................................................2

Samuel-Bassett v. Kia Motors Am. Inc.,
357 F. 3d 392  (3d Cir. 2004)...............................................................................................3

Sears Mort. Corp. vs Atuahene,
828 F. Supp. 368  (E.D.Pa 1993) .........................................................................................4

U.S. Bank, N.A. v. Verity,
2015 WL 1469736  (D. N.J. March 27, 2015)....................................................................3

Wells Fargo Bank N.A. v. Krantz,
2014 WL 10109971  (D. N.J. March 13, 2014)..................................................................3

Wis. Dept. of Corr. v. Schact,
524 U.S. 381, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1994) ..................................................3

**Federal Statutes**

28 U.S.C. § 1446...................................................................................................................4

28 U.S.C. § 1446(b) ..............................................................................................................2

28 U.S.C. § 1446(b)(2)(A)....................................................................................................2

**Treatises**

New Jersey Practice, Law of Mortgages §29.8....................................................................2

## PRELIMINARY STATEMENT

Plaintiff, CitiGroup Mortgage Loan Trust, Inc. Asset-Backed Pass Through Certificates, Series 2007-AMC2, U.S. Bank National Association as Trustee ("CitiGroup ("Plaintiff"), respectfully requests that this foreclosure matter be remanded without delay. Not only has Defendant, John Wesley Barry ("Defendant Barry") failed to comply with the statutory requirements for removal, but there is a lack of diversity and federal subject matter jurisdiction. Defendant Barry's New Jersey citizenship and the naming of the State of New Jersey as defendant defeat any claim of diversity jurisdiction. In addition, under the Well-Pleaded Complaint Rule, there is no federal subject matter jurisdiction for this state foreclosure claim.

## PROCEDURAL HISTORY

On December 13, 2019, Plaintiff filed a Mortgage Foreclosure Complaint in the Superior Court of New Jersey, Chancery Division, against the borrower, John Barry, Jr., et. als. See Scurko Dec., Exhibit A. The Complaint pertains to a mortgage on the property located at 232 Amherst Street, Pemberton, NJ. (hereinafter the "Property"). In addition to Defendant Barry, the Complaint names the following Defendants; John Barry, Jr., Marie A. Barry, Prosperity United Trust, United States of America; Ocean Medical Center; American Express National Bank and the State of New Jersey. On December 28, 2019, Plaintiff served Defendant Barry with a Summons and Complaint at the Property address. See Proof of Service, Scurko Dec., Exhibit D. On January 21, 2020, Defendant Barry submitted a Notice of Removal in Federal Court. This Motion for Remand follows.

# ARGUMENT

## POINT I

**DEFENDANT BARRY'S NOTICE OF REMOVAL SHOULD BE REMANDED DUE TO HIS FAILURE TO COMPLY WITH STATUTORY REQUIREMENTS AND THE LACK OF DIVERSITY JURISDICTION.**

Defendant Barry's Notice of Removal was improper under 28 U.S.C. § 1446(b) and the matter should be remanded. Defendant Barry failed to obtain the consent of other defendants to removal and the lack of diversity jurisdiction requires remand.

### A. The Failure to Adhere to the Statutory Requirements for Removal Requires Remand.

Defendant Barry failed to obtain the consent of the other defendants as required under the statute. 28 U.S.C. § 1446(b)(2)(A). Plaintiff properly named the defendants in the foreclosure complaint. For instance, John Barry, Jr was named as the party who signed the Note and Mortgage that were the subject of the foreclosure. Additional defendants were named because they held judgments against "John Barry", etc. In this regard, a foreclosure plaintiff is required to join judgment creditors who have recovered a judgment against a defendant with the same first name and surname. See New Jersey Practice, Law of Mortgages § 29.8 and n.18 citing Jones v. Parker, 107 N.J. Super. 235 (App. Div. 1969). The abstract of the Civil Judgment and Order Docket reveals a number of parties that needed to be named as judgment creditors. See Scurko Dec. Exhibit E. Id. (noting that a judgment becomes a lien when an abstract of the judgment is entered on the Civil Judgment and Order Docket). For example, there are the following judgments against John Barry or J Barry:

Ocean Medical Center in the amount of $591.34

American Express Bank FSB in the amount of $9253.56

Office of the Public Defender/State of New Jersey in the amount of $150.00:

United States of America in the amount of $125,005.37.  Scurko Dec. Exhibit F.

See Complaint, ¶¶5 (b) – (g).   Each of these parties has been served.  See Scurko Dec. Exhibit D.  Defendant Barry's' failure to obtain the consent of the other named Defendants is fatal to his removal request.

B. **The Lack of Diversity Jurisdiction Requires Remand.**

There is no diversity jurisdiction, since a non-citizen (the State of New Jersey) is a defendant.  In addition, the Defendant Barry's' New Jersey citizenship defeats the diversity jurisdiction claim.

The naming of the State of New Jersey as a defendant defeats diversity jurisdiction.  Removal on diversity jurisdiction grounds requires complete diversity between the parties.  Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 389, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1994).  In this regard, the removing party bears the burden of proving complete diversity, and all doubts are resolved in favor of remand.  Samuel–Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir.2004).  A State is not a citizen for the purposes of jurisdiction.  Brown v. Francis, 75 F.3d 860, 865 (3d Cir.1996).  Since the State of New Jersey has no citizenship, diversity jurisdiction is destroyed in this matter.  See U.S. Bank, N.A. v. Verity, 2015 WL 1469736 (D. N.J. March 27, 2015), Scurko Dec., Exhibit G.

Finally, the forum defendant rule bars the Defendant Barry from removing the case solely on diversity grounds.  Here, the Defendant Barry is a citizen of New Jersey, the forum state.  See Proof  of Service, Scurko, Dec., Exhibits B and  C.  See also Well Fargo Bank, N.A. v. Krantz, 2014 WL 10109971 (D. N.J. March 13, 2014).  See Scurko Dec. Exhibit H.

## POINT II

### THE FORECLOSURE MATTER SHOULD BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION.

The Motion for Remand should be granted due to lack of jurisdiction. While Defendant Barry's Notice of Removal asserted federal question jurisdiction, this claim necessarily fails under the well-pleaded complaint rule. The well-pleaded complaint rule requires that the federal issue be presented on the Complaint's face. See Sears Mort. Corp. v. Atuahene, 828 F. Supp. 368, 370 (E.D.Pa. 1993). Because Plaintiff's foreclosure action under State law does not reference federal statutes or common law, there is no federal question.

### CONCLUSION

For the reasons set forth above, it is respectfully requested that Plaintiff's Motion to Remand be granted, since the Defendant has failed to meet the requirements as set forth under 28 U.S.C. § 1446.

Dated:	January 31, 2020		STERN LAVINTHAL & FRANKENBERG, LLC

						By: /s/ Laura A. Scurko
						    Laura A. Scurko, Esq.
						    105 Eisenhower Parkway, Suite 302
						    Roseland, New Jersey 07068-0490
						    (973) 797-1100 x 226
						    lscurko@sternlav.com